IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| TRE VON A. WOODARDS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 1:20-CV-00090-H-BU |
| | § | |
| ALL POLITICIANS, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF
THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Tre Von A. Woodards, proceeding *pro se*, filed this civil rights complaint on May 5, 2020. Dkt. No. 1. United States District Judge James Wesley Hendrix referred this action to the undersigned for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference. Accordingly, the Court has granted Woodards leave to proceed *in forma pauperis*.

For the following reasons, the undersigned recommends that Woodards's complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) as frivolous and for failure to state a claim.

**I.   PROCEDURAL BACKGROUND**

In the six months since December 2019, Woodards has filed seventeen (17) civil actions. In prosecuting his cases, Woodards has also filed three notices of appeal and several pending motions in this Court.[1] His complaints often take the form of a single, conclusory statement (in one instance, only two words) that fails to comply with Rule 8(a) of the Federal Rules of Civil Procedure. His handwritten complaints and motions are often barely legible and delusional, and rarely provide a basis either for this Court's jurisdiction or Woodards's claim for relief.

---

[1] In each action, Woodards has proceeded *pro se* and filed a motion for leave to proceed *in forma pauperis*.

Three of Woodards's cases were dismissed as frivolous and/or for failure to state a claim.[2] Woodards filed a notice of appeal in each case and sought the Court's leave to proceed *in forma pauperis* on appeal. The Court denied Woodards's motions, and Woodards filed a motion seeking permission to proceed *in forma pauperis* on appeal with the United States Court of Appeals for the Fifth Circuit. These cases remain pending on appeal.

Undeterred by the Court's dismissal of these three cases as frivolous and/or for failure to state a claim, Woodards went on a filing spree on May 5, 2020, filing nine separate lawsuits on that one day. These actions named as defendants, among others, "Law Enforcement Agencies (America)," "Federal Clerks" in Abilene, Texas, the "Taylor County Courthouse," Google, Facebook, Instagram, Snapchat, Twitter, Tinder, Verizon, Sprint, AT&T, Metro PCS, T-Mobile, singer and social media personality Loren Gray, and, in the instant case, "All politicians, city officials, and presiding presidents."[3] Also named as defendants in that flurry of filings was the undersigned and United States District Judge James Wesley Hendrix, both of whom, Woodards alleges, engaged in "coercive contempt of court" and "negligence – official duties" by referring to Woodards's previously dismissed claims as potentially "frivolous" and "vexatious."[4]

Three of Woodards's nine cases filed on May 5, 2020, were dismissed *sua sponte* by a different judge of this Court for failure to comply with the pleading standards set out in Federal Rule of Civil Procedure 8(a).[5] Thus, as of the date of this Recommendation, six of Woodards's

---

[2] *Woodards v. Leonard Green & Partners*, No. 1:19-CV-00255-H-BU, *Woodards v. Gannaway*, No. 1:19-CV-00256-H-BU, and *Woodards v. Phillip Morris International*, No. 1:20-CV-004-H-BU.
[3] *Woodards v. Law Enforcement Agencies*, No. 1:20-CV-0091-C; *Woodards v. Federal Clerks*, *et al.*, No. 1:20-CV-0092-C; *Woodards v. Taylor County Courthouse*, No. 1:20-cv-0093-H-BU; *Woodards v. Google*, No. 1:20-cv-0095-H-BU; *Woodards v. Facebook*, *et al.*, No. 1:20-cv-0096-H-BU; *Woodards v. Verizon*, *et al.*, No. 1:20-CV-0097-C; *Woodards v. Gray*, No. 1:20-cv-0098-H-BU.
[4] *Woodards v. Parker*, *et al.*, No. 1:20-cv-0094-H-BU. The undersigned and United States District Judge James Wesley Hendrix have both recused themselves from this lawsuit and one other in which they were named as defendants by Woodards, *Woodards v. Federal Clerks, et al*, No. 1:20-CV-00100-P-BU, thereby resulting in further consumption of an inordinate amount of scarce judicial resources.
[5] *Woodards v. Law Enforcement Agencies*, No. 1:20-CV-0091-C; *Woodards v. Federal Clerks*, *et al.*, No. 1:20-CV-0092-C; and *Woodards v. Verizon*, *et al.*, No. 1:20-CV-0097-C.

seventeen cases have been dismissed by the Court and eleven cases, including this one, remain pending.[6]

With the exception of the two cases in which Woodards names the undersigned and District Judge Hendrix as defendants, Woodards has been granted leave to proceed *in forma pauperis* in all cases currently pending and his complaints are subject to the Court's judicial screening process under 28 U.S.C. § 1915(e)(2)(B). The undersigned also notes that Woodards consented to the exercise of jurisdiction by the undersigned in *Woodards v. State of Texas*, No. 1:19-CV-00243-H-BU.

Woodards has filed several motions in addition to his seventeen complaints. On April 17, 2020, Woodards filed the same rambling, incoherent, and delusional 260-page filing in *Woodards v. Leonard Green & Partners*, *Woodards v. Gannaway*, *Woodards v. Phillip Morris International*, *Woodards v. Texas*, and *Woodards v. Dallas Police Department* seeking among other things, leave for a new judge in all of his civil cases. Other motions filed include: a motion for issuance of summons, a motion to withdraw $10 billion from the registry of the court, and a motion for summary judgment before the Court had completed its screening process under § 1915(e)(2)(B). Each of these, like his lawsuits, appear to have no purpose other than to abuse the judicial process.

## II.   LEGAL STANDARDS

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

(i) is frivolous or malicious;
(ii) fails to state a claim on which relief may be granted; or
(iii) seeks monetary relief against a defendant who is immune from such relief.

---

[6] *See*, *e.g.*, *Woodards v. State of Texas*, No. 1:19-cv-00243-H-BU; *Woodards v. Dallas Police Department*, No. 1:20-cv-0046-H-BU; *Woodards v. AEP*, No. 1:20-cv-0079-H-BU; *Woodards v. All Politicians*, *et al*., No. 1:20-cv-0090-H-BU; *Woodards v. Taylor County Courthouse*, No. 1:20-cv-0093-H-BU; *Woodards v. Parker*, *et al*., No. 1:20-cv-0094-H-BU; *Woodards v. Google*, No. 1:20-cv-0095-H-BU; *Woodards v. Facebook*, *et al*., No. 1:20-cv-0096-H-BU; *Woodards v. Gray*, No. 1:20-cv-0098-H-BU; *Woodards v. Abbott*, *et al*., No. 1:20-cv-0099-H-BU; and *Woodards v. Federal Clerks*, *et al*., No. 1:20-cv-0100-H-BU.

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. Claims lack an arguable basis in fact if they describe "fantastic or delusional scenarios," *Id*. at 327–28, and such claims may be dismissed

> as factually frivolous only if the facts alleged are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them.

*Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992) (citations and internal quotation marks omitted).

Dismissal for failure to state a claim "turns on the sufficiency of the 'factual allegations' in the complaint." *Smith v. Bank of Am., N.A*., 615 F. App'x 830, 833 (5th Cir. 2015) (per curiam) (quoting *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam); emphasis added by *Smith*). The Federal Rules of Civil Procedure "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson*, 574 U.S. at 11.

To survive dismissal under the framework of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), a plaintiff need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that he contends entitle him to relief. *Johnson*, 574 U.S. at 12 (citing Fed. R. Civ. P. 8(a)(2)–(3), (d)(1), (e)); *see also Inclusive Communities Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 899 (5th Cir. 2019) ("'Determining whether a complaint states a plausible claim for relief' is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" (quoting *Iqbal*, 556 U.S. at 679; citing *Robbins v. Oklahoma*, 519 F.3d 1242,

1248 (10th Cir. 2008) ("[T]he degree of specificity necessary to establish plausibility and fair notice, and therefore the need to include sufficient factual allegations, depends on context."))).

In the current context, the Court "must construe the pleadings of *pro se* litigants liberally." *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers"); *cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). However, dismissal is proper where "even the most sympathetic reading of [the] pleadings uncovers no theory and no facts that would subject the present defendants to liability." *Jacquez v. Procunier*, 801 F.2d 789, 791–92 (5th Cir. 1986).

### III.  FINDINGS AND ANALYSIS

Woodards's complaint presently submitted is subject to summary dismissal. In his complaint, Woodards names "All Politicians, City Officials, and Presiding Presidents" as Defendants to this civil rights action, but he fails to identify or otherwise name any individual or entity over which the Court may exercise jurisdiction. *Id.*

Woodards's one-page complaint contains a single statement, purportedly against the Defendants, which states: "[e]nforcing malicious policies and disturbing people." *Id.* The complaint fails to include any details regarding the allegations or state any request for relief. Nor does Woodards makes any explicit reference to a federal law or cause of action.

Woodards's complaint lacks an arguable basis in both law and fact. He fails to offer a legal theory in support of his claims, and he pleads no factual allegations for the Court to consider, much less any logical facts that may support a claim for relief. To the extent that his claims are not factually or legally frivolous, nothing in the complaint indicates that Woodards could state a claim even if the Court allowed him to file an amended complaint or answer a questionnaire. Although

the Court must construe the pleadings of *pro se* litigants liberally, Woodards's complaint must be dismissed with prejudice for his failure to state a claim upon which relief may be granted.

Upon concluding that a case must be dismissed under § 1915(e)(2)(B), a district court retains the discretion to determine whether the case will be dismissed with or without prejudice. *Castillo v. Blanco*, 330 F. App'x 463, 466 (5th Cir. 2009). "Though the statute is silent as to whether this dismissal should be with or without prejudice, ... cases are appropriately dismissed with prejudice when 'evidence exists of bad faith, manipulative tactics, or litigiousness.'" *Id.* (quoting *Lay v. Justices-Middle District Court*, 811 F.2d 285, 286 (5th Cir. 1987) (recognizing that dismissal with prejudice "is an extreme sanction that should only be imposed when evidence exists of bad faith, manipulative tactics, or litigiousness") (citations omitted)).

Woodards's multitude of frivolous filings has, thus far, consumed an inordinate amount of scarce judicial resources, and is itself evidence of litigiousness and abuse of the judicial process.

## IV.   WARNING OF SANCTIONABLE CONDUCT

Given the number and character of Woodards's filings with the Court, if the Court accepts or adopts this recommendation, the Court should also warn Woodards that similar future litigation – whether filed in this Court, filed in state court and removed to this Court, or filed in another federal court and transferred to this Court – could subject him to sanctions, including the Court imposing monetary sanctions and/or precluding him from making further filings without leave of Court.

While "the judicial system is generally accessible and open to all individuals," *Kaminetzky v. Frost National Bank of Houston*, 881 F. Supp. 276, 277 (S.D. Tex. 1995), "district courts have an obligation to protect the orderly administration of justice and prevent abuse of the court's process by frivolous and vexatious litigants[, which means that *p]ro se* litigants have 'no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded

court dockets,'" *Ruston v. Dallas Cnty.*, No. 3:07-cv-1076-D, 2008 WL 958076, at *2 (N.D. Tex. Apr. 9, 2008) (quoting *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986)).

## V. RECOMMENDATION

For the foregoing reasons and pursuant to 28 U.S.C. § 1915(e)(2)(B), the undersigned recommends that the Court dismiss with prejudice Plaintiff Tre Von A. Woodards's complaint as frivolous and for failure to state a claim on which relief may be granted.

And the undersigned further recommends that the Court warn Woodards that similar future litigation – whether filed in this Court, filed in state court and removed to this Court, or filed in another federal court and transferred to this Court – could subject him to sanctions, including the Court imposing monetary sanctions and/or precluding him from making further filings without leave of Court.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IT IS SO ORDERED this 22nd day of May, 2020.

_____
JOHN R. PARKER
UNITED STATES MAGISTRATE JUDGE